Electronically Filed
Intermediate Court of Appeals
CAAP-16-0000030
30-NOV-2017
08:21 AM

NO. CAAP-16-0000030

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
ROGELIO LAHIP GANOTISI, also known as
ROGER GANOTISI, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE FIFTH CIRCUIT
(CR. NO. 14-1-0331)

SUMMARY DISPOSITION ORDER
(By: Fujise, Presiding Judge, Reifurth and Ginoza, JJ.)

Defendant-Appellant Rogelio Lahip Ganotisi, also known
as Roger Ganotisi (Ganotisi) appeals from the December 31, 2015
Circuit Court of the Fifth Circuit (Circuit Court)[1] Judgment of
Conviction and Sentence. After a jury trial, the Circuit Court
convicted Ganotisi of three counts of Failure to Comply with
Covered Sex Offender Registration in violation of HRS §§ 846E-2
(2014), 846E-9(a)(6) (2014), and 846E-9(c) (2014) (Counts 1 and
3), and HRS §§ 846E-2, 846E-9(a)(1), and 846E-9(c) (Count 2).
Ganotisi was sentenced to five years incarceration for each count
to be served concurrently.

On appeal, Ganotisi appears to contend[2] the Circuit

---

[1] The Honorable Randal G.B. Valenciano presided.

[2] Ganotisi's point of error does not comply with Hawai'i Rules of
Appellate Procedure Rule 28(b)(4) insofar as it fails to provide, at a
minimum,

> (i) the alleged error committed by the court or agency; (ii)
> where in the record the alleged error occurred; and (iii)
> where in the record the alleged error was objected to or the
> manner in which the alleged error was brought to the
> attention of the court or agency.

(continued...)

Court erred in failing to grant his motion for judgment of acquittal because the evidence was insufficient to establish: (1) incarceration release dates triggering the three-business-day requirement to register as a covered offender in Counts 1 and 3; and (2) his receipt of a letter from the Attorney General's office informing him of his duty to register as a covered offender in Count 2.

After reviewing the issue raised and arguments made by the parties, the record on appeal, and the applicable legal authorities, we resolve Ganotisi's point on appeal as follows and affirm.

As an initial matter, we note that Ganotisi failed to properly preserve his issue before the Circuit Court. Pursuant to Hawai'i Rules of Penal Procedure (HRPP) Rule 29(a),[3] Ganotisi moved for judgment of acquittal at the close of the State's case. The Circuit Court denied the motion.[4] Thereafter, Ganotisi presented himself and Dr. Diane Gerard as witnesses in his

---

[2](...continued)
For this reason alone, this court could refuse to review the point. Sprague v. California Pac. Bankers & Ins. Ltd., 102 Hawai'i 189, 196, 74 P.3d 12, 19 (2003). However in light of this court's policy of addressing the issues on the merits, where possible, the following discussion is presented.

[3]     HRPP Rule 29(a) provides:

> **(a) Motion Before Submission to Jury.** Motions for directed verdict are abolished and motions for judgment of acquittal shall be used in their place. The court on motion of a defendant or of its own motion shall order the entry of judgment of acquittal of one or more offenses alleged in the charge after the evidence on either side is closed if the evidence is insufficient to sustain a conviction of such offense or offenses. If a defendant's motion for judgment of acquittal at the close of the evidence offered by the prosecution is not granted, the defendant may offer evidence without having reserved the right.

[4]     HRPP Rule 29(b) provides:

> **(b) Reservation of Decision on Motion.** If a motion for judgment of acquittal is made at the close of the evidence offered by the prosecution, the court shall not reserve decision thereon. If such motion is made after all parties have rested, the court may reserve decision on the motion, submit the case to the jury and decide the motion either before the jury returns a verdict or after it returns a verdict of guilty or is discharged without having returned a verdict.

2

defense. Ganotisi did not renew the motion after he rested or after all evidence had been presented.

In light of his failure to preserve a challenge to the Circuit Court's denial at the end of the State's case, we must review Ganotisi's point for plain error under HRPP Rule 52(b),[5] and in light of all evidence adduced at trial. See State v. Rodrigues, 6 Haw. App. 580, 580, 733 P.2d 1222, 1223 (1987) (defendant lost his right to contest HRPP Rule 29(a) ruling when he introduced evidence after his motion was denied).

1. Ganotisi argues that the lack of proof of a specific date he was released from incarceration failed to sufficiently fix the date by which he must have registered. However, as to Count 1, the State produced Kaua'i Community Correctional Center (KCCC) Corrections Supervisor Jon Miyajima to testify that Ganotisi was released either February 13, 2013, or from mid to late February, 2013 and Sex Offender Registry Office Assistant Trudy Malott (Malott) to testify Ganotisi had been released from KCCC on February 22, 2013.

As to Count 3, Kaua'i Police Department (KPD) Detective Scott Williamson (Det. Williamson) testified that on October 30, 2014, he arrested Ganotisi at his home, and had him transported to and booked at the KPD cell block. KPD Public Safety Officer Collette Saiki (Saiki) testified she was working at the KPD cell block on October 30, 2014. Saiki recalled preparing State's Exhibit P-14, a certified copy of the bail bond receipt for Ganotisi, which she identified by her handwriting.[6] The receipt identified the date, the charge, Ganotisi's name, his Apapane address, the date and place of court appearance, and Saiki as the preparing clerk. She declared that Ganotisi signed the document in front of her. The State also produced State's Exhibit P-15, a

---

[5]     HRPP Rule 52(b) Plain Error, provides, "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court."

[6]     Ganotisi correctly states that Saiki was not asked and did not identify him in court. However, a person of reasonable caution could take Detective Williamson's testimony identifying Ganotisi as the person arrested, Saiki's authentication of the document, and the facts contained in the OBTS/CCH to support the conclusion that Ganotisi was in fact the person arrested and released on October 30, 2014.

certified copy of an OBTS/CCH form dated October 31, 2014, memorializing Ganotisi's arrest and release. The form identified Det. Williamson as arresting and charging Ganotisi, KPD Officer Kalama Lingaton as receiving him, and Saiki as booking and releasing him on October 30, 2014.

Thus, there was ample evidence of the dates of Ganotisi's release from incarceration.

2. In Count 2, Ganotisi was charged with failure to register as a covered offender "on or about August 15, 2014". Ganotisi maintains that "there was no evidence that [he] failed to register by August 15, 2014, or anytime around that period at all," arguing that State's Exhibit P-4, a copy of a letter giving notice of a failure to register (Notice) was insufficient to establish that he actually received this letter. However, Malott, an assistant with the State sex offender registry division of the Department of the Attorney General, was assigned to investigate Ganotisi, and testified that Ganotisi had not registered. Malott sent the Notice to Ganotisi at his Apapane Street address via Registered and Certified mail with the Restricted Delivery option. The Notice, dated August 13, 2014, and the return receipt signed by "Roger L. Ganotisi" on August 15, 2014, were admitted as State's Exhibit P-4. The Notice required Ganotisi to register with the State Attorney General by reporting in person to the KPD Records Division, "immediately." This evidence and the reasonable inferences drawn therefrom, was sufficient to infer Ganotisi received the Notice.

Moreover, KPD Senior Records Clerk Clyde Latreta (Latreta) testified that he processed all KPD covered offender registrations, and that Ganotisi had never registered with the KPD. As Malott and Latreta's testimony established that Ganotisi never registered, it was a fair inference from the evidence that he failed to register "on or about August 15, 2014" as charged.

Based on the evidence presented at trial, we conclude that the Circuit Court did not plainly err by denying Ganotisi's

4

motion for judgment of acquittal at the end of the State's case in chief.

Therefore, the December 31, 2015 Judgment of Conviction and Sentence entered by the Circuit Court of the Fifth Circuit is affirmed.

DATED:  Honolulu, Hawai'i, November 30, 2017.

On the briefs:

Rosa Flores,
for Defendant-Appellant.

Tracy Murakami,
Deputy Prosecuting Attorney,
County of Kauai,
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge